STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. MARLENE ADAMS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 30, 1951—Decided May 28, 1951.

Before Judges EASTWOOD, BIGELOW and SCHETTINO.

*Mr. William W. Wimmer,* First Assistant Prosecutor, argued the cause for the appellant (*Mr. Horace K. Roberson,* Prosecutor of Hudson County).

*Mr. Edward J. Madden* argued the cause for the respondent.

The opinion of the court was delivered by

BIGELOW, J. A. D.   The immediate question is whether the Municipal Court of Kearny has jurisdiction of a violation of the Motor Vehicle Law committed by a person of the age of 17 years, holding a learner's permit.   The County Court held against the jurisdiction and dismissed the complaint.   The ruling is correct only if jurisdiction is given to

the Juvenile and Domestic Relations Court by *R. S.* 9:18–12, as amended by *P. L.* 1948, *c.* 284. That section gives the Juvenile Court exclusive jurisdiction of cases of violation of any penal law by a person under 18 years of age, subject, however, to this exception: "The commission of an act which constitutes a violation of the provisions of chapters three or four of Title 39, Motor Vehicles, of the Revised Statutes, or of any supplement thereof, by a child of or over the age of seventeen years who is the holder of a valid license to operate a motor vehicle under the laws of this or any other state, shall not constitute juvenile delinquency as defined in this section."

So we reach the question: Is a learner's permit a "valid license to operate a motor vehicle" within the intendment of the paragraph which we have quoted from *R. S.* 9:18–12? A learner's permit can be issued only to a person at least 17 years of age. It enables "such person, for the purpose of fitting himself to become a motor vehicle driver or a motorcycle operator, to operate a motor vehicle or motorcycle for a specified period of not more than thirty days, while in the company and under the supervision of a licensed motor vehicle driver. The permit shall be sufficient license for the person to operate a motor vehicle or motorcycle in this State during the period specified, while in the company of and under the control of a licensed motor vehicle driver of this State. Such person, as well as the licensed motor vehicle driver, shall be held accountable for all violations of this subtitle committed by such person while in the presence of the licensed driver." *R. S.* 39:3–13, as amended by *P. L.* 1947, *c.* 247.

Were it not for the exception to *R. S.* 9:18–12, offenses against our Traffic Law charged against persons only 17 years old, would be heard in the Juvenile Court, while like charges against persons 18 years and over, would be tried by police magistrates. We think it was the intention of the Legislature that traffic complaints against 17-year-old persons be handled by the same magistrates as those against

persons a year or more older. This would secure for them judges experienced in the enforcement of traffic rules, and would considerably simplify the police problem. It seems immaterial whether the minor holds a learner's permit, an ordinary New Jersey license, or a license issued in a sister state; in any one of the three cases, the magistrate and not the Juvenile Court has jurisdiction. What we have said does not apply to the case of driving without any permit or license at all; perhaps because this offense is more serious than most violations of the traffic law.

The learned judge of the County Court put much stress on the fact that a learner's permit is issued virtually as a matter of course without a prior test of the applicant's ability to drive. That does not seem to us relevant to the question that the Legislature had before it, namely, which court should try this class of case.

The judgment of the County Court is reversed in order that the trial *de novo* may proceed.